UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

LEXI DEVELOPMENT COMPANY, INC,   Case No.: 10-27573-AJC
                                 Chapter 11
      Debtor.
_____/
LEXI DEVELOPMENT COMPANY, INC.,
a Florida corporation,
                                 Adv. Case No.:
      Plaintiff,

v.

LEXI NORTH BAY, LLC, a Florida limited
liability company, and GREAT FLORIDA
BANK, a Florida banking corporation,

      Defendants.
_____/

**COMPLAINT TO DETERMINE
THE VALIDITY, PRIORITY, AND EXTENT OF LIENS**

Lexi Development Company, Inc. (the "*Debtor*"), by and through undersigned counsel, brings this action against Lexi North Bay, LLC ("*North Bay*") and Great Florida Bank and states:

**JURISDICTION AND PARTIES**

1.    This is an Adversary Proceeding filed pursuant to Federal Rule of Bankruptcy Procedure 7001(2) seeking a declaration as to the validity, priority, and extent of conflicting liens asserted by North Bay and Great Florida Bank.

2.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as the Chapter 11 bankruptcy case of the Debtor is pending in this District.

4.  On June 23, 2010, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to §§ 1107(a) and 1108 Bankruptcy Code.

5.  The Debtor is a Florida corporation.

6.  Great Florida Bank is a Florida banking corporation.

7.  North Bay is a Florida limited liability company.

## FACTS

I.  **The Property and the Loan Agreements**

8.  At all material times, the Debtor owned a parcel of real property (the "***Property***") located at 1700 Kennedy Causeway, North Bay Village, Florida also known as The Lexi Condominium.

A.  *The Senior Loan Agreements*

9.  On December 5, 2005 (the "***Closing Date***"), the Debtor executed and delivered to Regions Bank ("***Regions***"), acting for itself and as administrative agent and collateral agent for Banco Popular North America ("***Banco Popular***"), Bank Midwest, N.A. ("***Bank Midwest***") and First Charter Bank ("***First Charter***"), collectively (the "***Lenders***"), a Construction Loan Agreement (the "***Construction Loan***") in the Original Principal amount of $56,875,000. A copy of the Construction Loan is attached as Exhibit "A."

10.     On the Closing Date, the Debtor executed and delivered to Regions a Promissory Note (the "*Note*") in the original principal amount of $25,000,000.  A copy of the Note is attached as Exhibit "B."  The Debtor also executed and delivered Promissory Notes in favor of:

   a.   Bank Midwest in the original principal amount of $10,937,500;

   b.   First Charter in the original principal amount of $10,000,000; and

   c.   Banco Popular in the original principal amount of $10,937,500

collectively (the "*Lender Notes*").  Copies of the Lender Notes are attached as Composite Exhibit "C."  Fifth Third Bank ("*Fifth Third*") later came to own and hold the Promissory Note executed and delivered to First Charter as its successor.

11.     On the Closing Date, the Debtor also executed and delivered to Regions, as collateral agent for its benefit and the benefit of the Lenders, a Florida Real Estate Mortgage, Assignment of Leases and Rents and Security Agreement (the "*Mortgage*") as collateral for and securing payment of the Note and the Lender Notes.  A copy of the Mortgage is attached as Exhibit "D."  The Mortgage encumbers the Property.

   B.   *The Junior Loan Agreements*

12.     On the Closing Date, Allen Greenwald and Jill Greenwald (the "*Greenwald Lenders*") lent $6,000,000 to the Debtor, secured by the equity interests in the Debtor as evidenced by the Secured Promissory Note dated December 5, 2005 (the "*Greenwald Note*").  A copy of the Greenwald Note is attached as Exhibit "E."

13.     On or about the Closing Date, Great Florida Bank took the place of the Greenwald Lenders by virtue of a collateral assignment of the Greenwald Note.

14. On or about the Closing Date, the Greenwald Lenders and Regions, as administrative agent of the Lenders, entered into an Inter-Creditor Agreement (the "***Intercreditor Agreement***"). A copy of the Intercreditor Agreement is attached as Exhibit "F."

15. The Intercreditor Agreement and the Loan Documents together constitute a single contract.

C. *The Loan Modification*

16. On June 23, 2008, the Debtor executed and delivered the Modification Agreement (the "***Modification Agreement***") to Regions. A copy of the Modification Agreement is attached as Exhibit "G." In connection with this extension, Regions required the Debtor to place $2,000,000 in a Reserve Collateral account held at Regions, which was provided by Great Florida Bank.

17. As part of the Modification Agreement, Regions, Great Florida Bank and the Greenwald Lenders entered into an Amended Intercreditor Agreement dated June 20, 2008 (the "***Amended Intercreditor Agreement***"). A copy of the Amended Intercreditor Agreement is attached as Exhibit "H."

18. The Modification Agreement and the Amended Intercreditor Agreement together constitute a single contract.

19. The Amended Intercreditor Agreement was entered into for the benefit of, among others, the Debtor and the Property. The Amended Intercreditor Agreement provided that Great Florida Bank:

    a. Would receive appropriate notice of the default in a particularly prescribed manner; and

    b. Had the right to cure and/or acquire the Lenders' position (the "***Option***").

*D.    The Loan Assignment*

20. On January 23, 2009, the Lenders assigned to North Bay their right, title and interest in the Regions Renewal Note, Bank Midwest Renewal Note, Fifth Third Renewal Note, Banco Popular Renewal Note, Modification Agreement and Mortgage by virtue of an Assignment and a Sale and Assignment Agreement. A copy of the Assignment is attached as Exhibit "I."

*E.    The Breach of the Intercreditor Agreement and the Amended Intercreditor Agreement*

21. Prior to November 2008, the Lenders attempted to communicate their purported notice of their alleged default (the "**Notice of Default**") to the Debtor. In attempting to do so, however, the Lenders failed to comply with the terms of the Intercreditor Agreement and the Amended Intercreditor Agreement, as they neither provided the requisite notice to Great Florida Bank nor afforded Great Florida Bank the opportunity to exercise the Option.

## II.    The North Bay Litigation

22. On June 12, 2009, North Bay filed suit against the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 09-45018 CA 10 (the "**North Bay Litigation**"). A copy of the complaint (without exhibits) in the North Bay Litigation is attached as Exhibit "J."

23. In the North Bay Litigation, North Bay brought claims for, among others, foreclosure based on the Mortgage.

24. In the North Bay Litigation, the Debtor has asserted counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with a business relationship, and unjust enrichment. The Debtor based some of these claims on North Bay's (or its predecessors') failure to provide Great Florida Bank notice of the Debtor's alleged

default, in violation of the Intercreditor Agreement and the Amended Intercreditor Agreement. A copy of the Debtor's Answer, Affirmative Defenses, and Counterclaim is attached as Exhibit "K."

25. On June 23, 2010, the North Bay Litigation was removed to this Court, where it is currently pending.

### III.    The Great Florida Bank Litigation

26. Great Florida Bank filed suit against North Bay, Regions, Fifth Third, Banco Popular, Bank Midwest, and the Debtor in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 10-28477 CA 15 (the "***Great Florida Bank Litigation***"). A copy of the complaint in the Great Florida Bank Litigation (without exhibits) is attached as Exhibit "L."

27. In the Great Florida Bank Litigation, Great Florida Bank alleges that Regions breached the Amended Intercreditor Agreement by failing to provide Great Florida Bank with notice and an opportunity to cure an alleged default under the Loan. Great Florida Bank is seeking, among other things, an equitable lien over the Property that is prior in right, title, interest, and equity to any claim of North Bay.

28. If Great Florida Bank is successful in its claims, it will become the senior lender to the Debtor with respect to the Property.

29. Given the allegations in the North Bay Litigation and the Great Florida Bank Litigation, a significant question exists regarding who is the senior lender with respect to the Property. Until this question is resolved, it will be extremely difficult for the Debtor to confirm a Chapter 11 plan of reorganization.

## COUNT I

## DETERMINATION OF THE VALIDITY, PRIORITY, AND EXTENT OF LIENS

30. The Debtor reasserts the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for declaratory relief to determine the validity, priority, and extent of North Bay's and Great Florida Bank's conflicting asserted liens over the Property.

32. There is an actual, immediate, substantial, currently existing controversy between the Debtor, North Bay, and Great Florida Bank regarding the validity, priority, and extent of North Bay's and Great Florida Bank's interests in the Property.

33. This action deals with a present, ascertainable, or ascertained set of facts.

34. This action will clarify the rights and legal relations of the parties, which will enable the Debtor to reorganize and confirm a Chapter 11 plan of reorganization.

WHEREFORE, the Debtor seeks a declaration of the validity, priority, and extent of the respective liens of Great Florida Bank and North Bay, and all such other relief this Court deems just and proper.

Dated: September 9, 2010.

s/Joshua W. Dobin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandrussin.com
Eric Ostroff
Florida Bar No. 10130
eostroff@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for the Debtor/Plaintiff*